# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TONYA HOOD, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) Case No. 20-cv-00223-JED-JFJ |
| (1) WARRIOR SELF STORAGE, LLC, a domestic limited liability company; and | )<br>) Removed from Tulsa County<br>) Case No. CJ-2020-1514 |
| (2) DIAMOND SELF STORAGE MANAGEMENT, LLC, a foreign limited liability company, | )<br>)<br>)<br>) |
| Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446, Warrior Self Storage, LLC, and Diamond Self Storage Management, LLC, (collectively "Defendants") by and through their undersigned counsel, hereby invoke the jurisdiction of this Court and remove Case Number CJ-2020-1514 from the District Court of Tulsa County, Oklahoma (the "State Court Action"), to the United States District Court for the Northern District of Oklahoma.

In filing this Notice of Removal, the Defendants deny the above-named Plaintiff's allegations set forth in the State Court Action, deny Plaintiff states a claim for which relief may be granted, and deny Plaintiff has been damaged in any manner. The Defendants do not waive and specifically reserve any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement by the Defendants herein or omission herefrom shall be deemed to constitute an admission by the Defendants to any of Plaintiff's allegations or damages sought in the State Court Action. In support thereof, the Defendants state as follows:

## I. THE UNDERLYING CIVIL ACTION.

a. On or about May 5, 2020, Tonya Hood (the "Plaintiff"), commenced the State Court Action against the Defendants by filing a petition in the District Court of Tulsa County, Oklahoma (the "Petition").

b. The Petition alleges the Defendants violated 29 U.S.C. § 201 *et seq.*, often referred to as the Fair Labor Standards Act ("FLSA"). The Petition also alleges a state law claim for violation of Oklahoma minimum wage requirements set forth in Okla. Stat. tit. 40, § 201 *et seq.*, often referred to as the Oklahoma Protection of Labor Act (the "State Law Claim").

c. Defendant Warrior Self Storage, LLC ("Warrior") was served with a Summons and the Petition on May 14, 2020. The Summons and Affidavit of Service are attached hereto as "Exhibit 1."

d. Defendant Diamond Self Storage Management, LLC ("Diamond") was served with a summons and the Petition on May 14, 2020. The Summons and Affidavit of Service are attached hereto as "Exhibit 2."

e. As set forth below, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because the Defendants have satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

a. Timeliness: A notice of removal may be filed within thirty days after the defendant receives a copy of the initial pleading or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Both Defendants were served with a

Summons and the Petition on May 14, 2020. *See* Exhibit 1. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

  b. <u>Removal to Proper Court</u>: The District Court of Tulsa County, Oklahoma, is located in the Northern District of Oklahoma. 28 U.S.C. § 116(a). Venue is proper because this is the "district and division embracing the place where the action is pending." *See* 28 U.S.C. §§ 1441(a) and 1446(a).

  c. <u>Filing and Service Requirements</u>: Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of all documents filed in the State Court Action, and all process, pleadings, and orders served upon the Defendants are attached hereto as "<u>Exhibit 3</u>." Pursuant to LCvR 81.2, a copy of the State Court docket sheet is attached hereto as "<u>Exhibit 4</u>." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be served upon Plaintiff and a copy shall be filed with the clerk of court for the District Court of Tulsa County, Oklahoma.

  d. No previous application has been made for the relief requested herein.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

<u>The Fair Labor Standards Act</u>

  a. Plaintiff's action is of a civil nature and involves issues of federal question over which the U.S. District Court for the Northern District of Oklahoma has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff expressly asserted a cause of action under the FLSA. *See* Exhibit 3, Plaintiff's Petition, First and Third Causes of Action.

  b. Plaintiff's federal causes of action under the FLSA are properly removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

c. As noted above, the Plaintiff also brought the State Law Claim. This Court may exercise supplemental jurisdiction over the State Law Claim because such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction is appropriate in this case because the FLSA claims and the State Law Claim "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

**IV. CONSENT.**

a. Title 28 U.S.C. § 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

b. Warrior and Diamond consent to removal.

**V. NOTICE.**

c. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal is being filed contemporaneously with the Clerk of the State Court.

d. Upon information and belief, the pleadings attached hereto as <u>Exhibit 3</u> represent all of the pleadings filed in this action in the State Court Action or in the possession of the Defendants.

e. This Notice of Removal is being served as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, the Defendants respectfully remove the State Court Action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

Respectfully submitted,

*s/ Randall J. Snapp*
Randall J. Snapp, OBA # 11169

- Of the Firm -

CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9830
(918) 599-6319 (Facsimile)
randall.snapp@crowedunlevy.com

*Attorney for Defendants,*
*Warrior Self Storage, LLC, and Diamond Self*
*Storage Management, LLC*

## **CERTIFICATE OF SERVICE**

    I certify that on May 21st, 2020, a true and correct copy of this Notice of Removal was served by mailing, postage prepaid, to the following attorneys of record:

Daniel E. Smolen
Leslie K. Briggs
SMOLEN & ROYTMAN
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119

    I further certify that on May 21st, 2020, a true and correct copy of this Notice of Removal was delivered to the Tulsa County Court Clerk for filing.

    *s/ Randall J. Snapp*
    Randall J. Snapp

3568369.1